# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE LUZANO,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-02043-SKO PC<br><br>SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Standard**

Plaintiff Frankie Luzano, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Claims

### A. Summary of Allegations

Plaintiff, an American Indian, is currently incarcerated at Pleasant Valley State Prison (PVSP). He alleges that his rights to the free exercise of his religion and to equal protection of the laws were violated by Defendants Yates, Fisher, Myers, and Duran's refusal to accommodate his repeated requests for access to the sweat lodge for "religious ritual purification purposes." (Doc. 1, Comp., 4:16-17.) Plaintiff alleges that his requests were either ignored or rebuffed by staff, who told him that he and others could only use the sweat lodge under the supervision of a Native American chaplain or a religious volunteer sanctioned by the tribe; neither was available at PVSP.

Plaintiff alleges that he is qualified to conduct sweat lodge purification ceremonies, but Defendants Yates, Fisher, and Myers refused his offer to do so and told him that he and other Native Americans could conduct their ceremonies on the exercise yard during outdoor recreation release. Plaintiff alleges that Defendants allow Odinists, Muslims, Wiccans, and other faith groups to hold their ceremonies inside the chapel or in other protected areas, and none of those groups is required to hold their ceremonies outside on the yard in the midst of other inmates' recreational activities.

### B. Free Exercise Claim

#### 1. Legal Standard

Inmates retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987) (quotation marks omitted); Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). The protection of the Free Exercise Clause is triggered when prison officials substantially

burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur, 514 F.3d at 884-85. However, because lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, Shakur, 514 F.3d at 884 (citing O'Lone, 482 U.S. at 348) (quotation marks omitted), any impingement on an inmate's constitutional rights is valid if it is reasonably related to a legitimate penological interest, id. (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)) (quotation marks omitted).

At the pleading stage, the Court cannot determine whether an alleged infringement into a protected right is reasonably related to a penological purpose, Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008), and to state a claim, Plaintiff need only demonstrate an infringement into a sincerely held belief which is religious in nature, Shakur, 514 F.3d at 885; also Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994).

### 2.  Involvement of Defendants Yates, Fisher, and Myers

Plaintiff's allegations are sufficient to support his claim that the failure to accommodate his request to participate in sweat lodge ceremonies infringed on his right to the free exercise of his religion. See Rich v. Woodford, 210 F.3d 961, 962 (9th Cir. 2000) (sweat lodge ceremony a central part of Native American religion). However, government officials may not be held liable under a theory of *respondeat superior* and therefore, Plaintiff must allege sufficient facts to show that Defendants Yates, Fisher, and Myers, through their own individual actions, violated his rights. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948.

Defendant Yates is the warden, Defendant Fisher is the associate warden, and Defendant Myers is the community partnership manager at the prison. Based on Plaintiff's allegations, it is possible these individuals were personally involved in the consideration and rejection of his requests for religious accommodation and/or were personally involved in creating or enforcing policies or practices that interfered with the ability of Native Americans to hold sweat lodge ceremonies. However, it is also possible that they were not personally involved and are named simply because they hold positions of authority which Plaintiff believes allow for the imposition of liability for the

actions of their subordinates.[1]

Plaintiff's claim must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant was personally liable for the misconduct alleged. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted). While a probability requirement may not be imposed, the sheer possibility a defendant acted unlawfully is not sufficient, and mere consistency with liability stops short of meeting the plausibility standard. Id. (quotation marks omitted). Here, Plaintiff's allegations fall short of the specificity necessary to allow the Court to determine whether or not Defendants were personally involved in the violation at issue. As a result, Plaintiff fails to state a claim. Because the linkage deficiency may be curable, Plaintiff is granted leave to amend.

### 3. Involvement of Defendant Duran

Defendant Duran is a correctional counselor at PVSP, and his involvement appears limited to the administrative resolution of Plaintiff's grievance at the second level of review. In general, denying a prisoner's grievance does not cause or contribute to the underlying violation, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted), and the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). If Defendant Duran was not personally involved in the policies, practices, or decisions concerning the accommodation of Native American sweat lodge ceremonies and his only involvement was consideration of Plaintiff's administrative appeal grieving the failure to accommodate his religious needs, no claim will lie against Duran. Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934. Plaintiff may, in an amended complaint, clarify the basis for this claim.

### C. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985)

---

[1] Defendant Myers was, at a minimum, involved in responding to Plaintiff's inmate appeal, but as discussed in subsection 3, that is generally not a permissible basis for liability.

4

1  (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity
2  of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to
3  conventional religious precepts.'" Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319,
4  321-22 (1972) (per curiam)). To state a claim, Plaintiff must allege facts sufficient to support the
5  claim that prison officials intentionally discriminated against him on the basis of his religion by
6  failing to provide him a reasonable opportunity to pursue his faith compared to other similarly
7  situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis,
8  345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001);
9  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds* by
10 Shakur, 514 F.3d at 884-85.

11 Plaintiff's complaint is devoid of any facts supporting a claim of intentional religious
12 discrimination. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Plaintiff alleges only that Native
13 Americans are treated differently than other religious groups when it comes to religious ceremonies;
14 that bare allegation is insufficient to support an equal protection claim. Id.

15 **III.   Conclusion and Order**

16 Plaintiff's complaint fails to state a claim for violation of the Free Exercise Clause because
17 he has not sufficiently linked the named defendants to the infringement into his rights, and he fails
18 to state a claim for violation of the Equal Protection Clause because he had not sufficiently alleged
19 that each named defendant intentionally discriminated against him based on his religion. The Court
20 will provide Plaintiff with the opportunity to file an amended complaint curing these deficiencies.
21 Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th
22 Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
23 amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

24 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
25 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
26 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be
27 [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555
28 (citations omitted).

  Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

  Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**  **December 12, 2011**     /s/ Sheila K. Oberto
                 UNITED STATES MAGISTRATE JUDGE