# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE LUZANO, | CASE NO. 1:10-cv-02043-SKO PC |
| Plaintiff, | ORDER REFERRING CASE TO PRISONER SETTLEMENT PROGRAM, AND SETTING SETTLEMENT CONFERENCE |
| v. | |
| JAMES A. YATES, et al., | Date:   May 9, 2012<br>Time:   1:00 p.m. |
| Defendants. | Place:  CSP-SOL before the<br>Honorable Nandor J. Vadas |

Plaintiff Frankie Luzano, a state prisoner and Native American who was proceeding pro se, filed this action on November 3, 2010. Following the issuance of the Court's first screening order pursuant to 28 U.S.C. § 1915A, Lester J. Marston of Rapport and Marston substituted in as Plaintiff's counsel of record and filed an amended complaint. (Docs. 7, 9, 11.)

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000cc-1, and California law, and his claims arise from his inability to practice his religion at Pleasant Valley State Prison in Coalinga, California. Upon review, the Court finds it appropriate to refer this action to the Prisoner Settlement Program and set it for a settlement conference before United States Magistrate Judge Nandor J. Vadas at California State Prison-Solano (CSP-SOL), on May 9, 2012, at 1:00 p.m. A separate order and writ of habeas corpus ad testificandum will be issued by the Court to secure Plaintiff's attendance at the settlement conference.

Accordingly, the Court HEREBY ORDERS as follows:

1. This case is referred to the Prisoner Settlement Program and set for a settlement conference on May 9, 2012, at 1:00 p.m. at CSP-SOL, 2100 Peabody Road,

Vacaville, California 95696.

2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall attend in person.[1,2]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are directed to provide confidential settlement conference statements to the Honorable Nandor J. Vadas, U.S. District Court-Northern District of California, 514 H Street, Eureka, CA 95502 or via email at NJVpo@cand.uscourts.gov, so that they arrive no later than April 25, 2012.

5. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at CSP-SOL at (707) 454-3429.

IT IS SO ORDERED.

Dated:   March 11, 2012                             /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants have not yet been served or made appearances in this action. However, the Office of the Attorney General for the State of California has agreed to appear for the settlement conference and engage in early, pre-service settlement negotiations.

[2] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval by Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).